IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES EDWARD GRANT,

Plaintiff,

v.

DR. MICHAEL A. LAMARCA, DR. THO HUYNH.
DR. A. DANOS, K. JOHNSON, MANAGER – SBCC,
DR. TOMMY URBANOWICZ, and
ASSISTANT DENTAL DIRECTOR WOLFE,

Defendants.

OPINION and ORDER

26-cv-1004-jdp

Plaintiff James Edward Grant, proceeding without counsel, is incarcerated at John C. Burke Correctional Center. He alleges that facility staff are refusing to treat a painful dental condition.

Under the terms of sanctions issued by this court, Grant generally remains barred from proceeding with new cases until he pays off the large debt he owes for filing fees for the cases and appeals he previously filed. The only case-initiating documents that he may file are habeas corpus petitions and complaints in which he alleges that he is in imminent danger of serious physical harm. *See Grant v. Gill*, No. 15-cv-420-jdp, 2016 WL 80676 (W.D. Wis. Jan. 7, 2016).

Grant's allegations of staff's failure to treat a painful medical condition potentially meets the imminent-danger standard. But there are issues that Grant must address before this case can move forward.

First, I take Grant to be seeking leave to proceed without prepaying the entire filing fee, also known as "in forma pauperis" status, but he has not submitted his trust fund account statement or any other information that this court would need to consider his finances and

assess him an initial partial payment of the filing fee as required under 28 U.S.C. § 1915(b)(1). I will give Grant a deadline to submit a copy of his six-month trust fund account statement.

Second, Grant's current allegations do not meet the court's pleading standards. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. Because claims like these brought under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in constitutional violation, *see Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), each individual defendant whom Grant wishes to sue in this case must be able to understand what they are alleged to have done to violate his rights. Grant doesn't explain enough about the dental condition he is suffering from to tell whether it meets § 1915(g)'s imminent-danger standard, and he doesn't explain what each defendant he names did or did not do that harmed him.

I will dismiss Grant's complaint and give him a chance to file an amended complaint that meets these standards. In filing an amended complaint, Grant should be sure to explain (1) more about the dental problems he has and the pain those conditions are causing him; and (2) how each defendant was involved in denying him care.

ORDER

IT IS ORDERED that:

1. Plaintiff may have until November 3, 2026, to submit a certified trust fund account statement for the six-month period preceding the filing of this lawsuit.

2. The complaint, Dkt. 1, is DISMISSED.

3. Plaintiff may have until November 3, 2026, to submit an amended complaint.

Entered October 13, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge